**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC L. HECKER, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1304-CR-202 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1111-FD-275

**December 3, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Defendant Eric L. Hecker, while driving a friend's automobile, was involved in a single-car collision that resulted in serious bodily injury to at least one of the three passengers in the vehicle. Hecker fled the scene of the accident and later told a police officer that he was not in the car at the time of the accident. Appellee-Plaintiff the State of Indiana charged Hecker with three counts of failure to stop at an accident involving serious bodily injury to another person, a Class D felony, and one count of false reporting or informing, a Class A misdemeanor. The parties entered into a plea agreement whereby Hecker pled guilty to one count of failure to stop. The court sentenced Hecker to three years of incarceration, the maximum term permitted, due to several aggravating circumstances. Hecker appeals for review of the appropriateness of the trial court's sentence. Because Hecker has served the entirety of his sentence, the case is moot. Nevertheless, we address Hecker's argument on the merits and conclude that the trial court's sentence was appropriate in light of the nature of the offense and the character of the offender. We affirm.

**STATEMENT OF THE FACTS**

At approximately 1:30 a.m. on October 22, 2011, Hecker was driving a friend's Pontiac Grand Am in Crown Point, Indiana, when he was involved in a single-car collision. Prior to the collision, Hecker had been "bar hopping" with three friends, who were also in the car at the time of the accident. Appellant's App. p. 71. Following the accident, Hecker did not call 911 or attempt to assist his injured friends. Hecker fled the scene before medical services and law enforcement arrived. Later, when asked about the accident by an

2

investigating officer, Hecker told the officer that he was not inside the vehicle during the accident.

Lindsay Rogers, one of the vehicle passengers, was seriously injured in the accident, suffering a torn aorta, a broken left elbow, and a deep laceration to her forehead. Due to the severity of her injuries, Rogers was airlifted to Christ Hospital in Chicago for emergency surgery to repair the torn aorta; she later underwent a second surgery for the broken elbow.

On November 29, 2011, the State charged Hecker with three counts of failure to stop following an accident involving serious bodily injury to another person, a Class D felony, and one count of false reporting or informing, a Class A misdemeanor. On February 20, 2013, the parties entered into a plea agreement whereby Hecker pled guilty to one count of failure to stop. On March 21, 2013, the trial court imposed a three-year sentence. In the sentencing order, the trial court listed several aggravating circumstances. Hecker has a criminal history that includes convictions for five misdemeanors and one felony. Additionally, there were three open cases against Hecker at the time of sentencing. These cases included charges of strangulation and theft, being a habitual controlled substance offender, and two charges of operating while intoxicated ("OWI"). The trial court granted the State's petition to revoke Hecker's bond after the second of these OWIs. The trial court also noted that prior leniency by criminal courts had no deterrent effect on Hecker's behavior. The trial court found that each aggravating factor, standing alone, outweighed Hecker's mitigating factor. The trial court listed Hecker's guilty plea as the only mitigating circumstance. The trial court found that Hecker was entitled to receive credit for 447 days

spent in confinement as a result of this charge, plus 447 days of good time credit, for a total of 894 days credit. As the state notes in its brief, Hecker was scheduled to be released on June 29, 2013. Appellee's Br. 5.

## DISCUSSION AND DECISION

After the application of the credit time provided for in the trial court's sentencing order, Hecker had 201 days remaining on his three-year sentence. Hecker's scheduled release date, with good time, was June 29, 2013. Regardless, it has been over 201 days since the March 21, 2013 sentencing order was issued and we are under the impression that Hecker has served the entirety of his sentence. Consequently, Hecker cannot be granted relief regardless of the outcome of our opinion; thus his appeal is moot. *See Irwin v. State*, 744 N.E.2d 565, 568 (Ind. Ct. App. 2001) (once sentence has been served, the issue of the validity of the sentence is rendered moot, and the appellate court does not engage in discussions of moot questions). Nevertheless, we address the merits of his claim.

### Standard of Review

Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). This consideration stems from the unique perspective a trial court brings to its sentencing decisions. *Id.* Finally, the defendant bears the burden of persuading the appellate court that the sentence is

4

inappropriate. *Id.*

## Appropriateness of the Sentence

Class D felonies are punishable by a term of between six months and three years, with an advisory sentence of one and one-half years. Ind. Code § 35-50-2-7. Hecker argues that his three-year sentence was inappropriate in light of the nature of the offense and his character. We find that the nature of the offense was particularly egregious considering the extent of Rogers's injuries. The State provided extensive evidence of the life-threatening nature of Rogers's injuries, as well as the difficult and ongoing recovery she faces. Although Rogers was unable to testify due to her injuries, her father testified that Hecker encouraged another passenger in the vehicle to flee the scene. Hecker's callous disregard for the well-being of his friends and subsequent attempt to cover up his involvement in the accident illustrates the careless and wanton nature of his offense.

Hecker's character was thoroughly vetted in the presentence investigation report and at the sentencing hearing. Of Hecker's five prior misdemeanor convictions, four were alcohol-related offenses, including two OWIs. Additionally, at the time of sentencing, Hecker had an open felony case in which he was charged with strangulation, theft and battery. In three of his previous misdemeanor cases, Hecker was ordered to complete an alcohol and drug services program. While out on bond in this case, Hecker was arrested two more times for OWI, both of which were charged as Class D felonies. "Although a record of arrests by itself is not evidence of a defendant's criminal history, it is appropriate to consider such a record as a poor reflection on the defendant's character, because it may reveal that he or she has not been deterred even after having been subjected to the police

authority of the State." *Rutherford*, 866 N.E.2d at 874.

This pattern shows that Hecker has failed to learn from prior leniency by courts and that these instances have had no deterrent effect on his criminal behavior or problems with alcohol. Witness Patricia Vann, Hecker's mother, testified on her son's behalf at the sentencing hearing. During her testimony, Vann addressed Hecker's ongoing problems with alcohol. Vann testified that she supported the trial court's earlier decision to revoke Hecker's bond because she felt that incarceration would allow Hecker time to deal with his alcohol addiction. Not only does Hecker's character fail to counteract the aggravating weight of the nature of the offense, it warrants its own aggravating weight.

Finally, Hecker acknowledged at the sentencing hearing that, based on the aggravating and mitigating circumstances, he was probably going to receive a two-and-a-half year sentence. Instead of arguing for a lesser term, he sought to serve the remainder of the term in a work program. Hecker now argues, in his brief, that "the nature of his offense was not such that it warranted such a deviation from the advisory sentence." Appellant's Brief p. 5. However, Hecker had already conceded at the sentencing hearing that he was likely to receive a sentence near the maximum. We find Hecker's argument contradictory and unpersuasive. Accordingly, we cannot say that Hecker's three-year sentence was inappropriate.

The judgment of the trial court is affirmed.

BAILEY, J., and MAY, J., concur.

6